IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS JAMES MAYER, )<br>Petitioner, )<br>v. )<br>)<br>THE ATTORNEY GENERAL OF )<br>THE STATE OF PENNSYLVANIA, )<br>et. al., )<br>Respondents. ) | Civil Action No. 15-232 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss (ECF No. 7) be granted and that the petition for a writ of habeas corpus filed by Dennis James Mayer be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

**II. REPORT**

    **A. Relevant Background**

On February 27, 2014, Mayer appeared before the Court of Common Pleas of Crawford County and pleaded no contest to one count of simple assault. The remaining count on the information was nolle prossed. On March 25, 2014, the Court of Common Pleas sentenced Mayer to a term of imprisonment of 3 to 12 months, to be followed by 12 months of probation. (Resp's Ex. A, ECF No. 7-1 at 1-2). Mayer did not challenge his judgment of sentence in a direct appeal to the Superior Court of Pennsylvania, nor did he file a collateral challenge pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.

Mayer was eventually released on parole or probation, but he violated the terms of his supervision and on August 28, 2015, following a hearing, the Court of Common Pleas issued an order

1

that revoked his original sentence and resentenced him to serve a term of incarceration of 8 to 16 months. (Resp's Ex. C at 1, ECF No. 7-1 at 4). In that same order, the court advised Mayer that he had a right to appeal the order by filing a direct appeal with the Superior Court within 30 days. (Resp's Ex. C at 2, ECF No. 7-1 at 5).

Mayer did not file an appeal with the Superior Court. Instead, in September 2015, he filed the pending petition for a writ of habeas corpus with this Court. Mayer brings his petition under 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Under this statute, habeas relief is only available on the grounds that he is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. Id. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Real v. Shannon, 600 F.3d 302, 309-10 (3d Cir. 2010). Mayer contends that he is "an innocent man being held in jail for a charge that I didn't do." (ECF No. 3 at 5). He also contends that he is entitled to money damages because he has been imprisoned on "a charge I did not do[.]" (ECF No. 3 at 7).

Respondents have filed a motion to dismiss the petition because Mayer did not exhaust his claims in state court. [ECF No. 7]. Petitioner did not file a reply. He did acknowledge in his petition, however, that he did not exhaust his state court remedies because he has never filed an appeal with the Superior Court after either his initial sentence or his revocation sentence was issued. (ECF No. 3 at 5-8). He contends that he "didn't know how" to file an appeal. (ECF No. 3 at 6).

2

B.   **Discussion**

The federal habeas statute "requires that [state] prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). This "exhaustion" requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999).

> [It is] principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted), abrogated on other grounds by Rhines v. Weber, 544 U.S. 269 (2006).

Importantly, in order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim

3

raised in his habeas petition to the Superior Court of Pennsylvania either on direct or PCRA appeal. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

Mayer carries the burden of proving he exhausted his state court remedies with respect to his habeas claims. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). He has not met that burden. The record in this case establishes that did not raise to the Superior Court the claims that he has presented to this Court. Because he did not, his claims are procedurally defaulted. See, e.g., Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). See also Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012) ("Procedural default occurs when a claim has not been fairly presented to the state courts (*i.e.*, is unexhausted) and there are not additional state remedies available to pursue[.]"). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner who has defaulted a federal habeas claim can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986); Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012). A lack of knowledge or an unawareness of procedural rules is not an "external" factor that excuses Mayer's failure to raise his claims to the state court and, therefore, the argument that he raised in his petition – that he "didn't know how" to appeal his judgment of sentence – does not excuse his default. See Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir.

4

2002) (mere inadvertence does not constitute cause for a procedural default); Coleman, 501 U.S. at 752 (discussing ignorant or inadvertent procedural default).[1]

There are additional problems with Mayer's claims that would subject them to dismissal for alternative reasons. His first claim for habeas relief is that he is innocent and that he pleaded guilty because "I wanted to get out of jail the quickest way possible[.]" (ECF No. 3 at 5). He does not allege that any of his federal constitutional rights were violated and a stand-alone claim of innocence is not cognizable under § 2254. After all, even "[a] freestanding claim of actual innocence in a non-capital case based on *newly discovered evidence* is not a ground for habeas corpus relief. Rather, an actual innocence claim depends upon the existence of an independent constitutional violation." BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:60 (emphasis added), WestlawNext (database updated May 2016) (citing Herrera v. Collins, 506 U.S. 390 (1993) and additional citations omitted). See also Fielder v. Varner, 379 F.3d 113, 122 (3d Cir. 2004) ("It has long been recognized that '[c]laims of actual innocence based on newly discovered evidence' are never grounds for 'federal habeas relief absent an independent constitutional violation.'" (quoting Herrera, 506 U.S. at 400)); Albrecht v. Horn, 485 F.3d 103, 121-22 (3d Cir. 2007). But see Han Tak Lee v. Glunt, 667 F.3d 397 (3d Cir. 2012) (where the petitioner's claims were based on an alleged due process violation, not a claim of actual innocence). In Mayer's second claim, he reiterates that he is innocent and asserts that he is entitled to money damages for the time he has been wrongfully imprisoned. Such relief is not available in a habeas proceeding. See,

---

[1] A petitioner may also overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). See also Houck v. Stickman, 625 F.3d 88, 93-95 (3d Cir. 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). Where the petitioner pleaded guilty, he also must establish his actual innocence not only of the count to which he pleaded guilty, but also the other charges the government excused in the plea bargaining process. Bousley v. United States, 523 U.S. 614, 623-24 (1998). This case is not the type of extraordinary case in which the petitioner can overcome the default of his claims by way of the miscarriage of justice exception.

e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release–the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

For the reasons set forth above, Mayer's petition for a writ of habeas corpus must be dismissed with prejudice.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether Mayer's claims should be dismissed. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss (ECF No. 7) be granted and that the petition for a writ of habeas corpus be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 8, 2016

cc:  The Honorable Barbara Rothstein
United States District Judge