# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS JAMES MAYER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:15-cv-00232-BR-SPB |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | **ADOPTING REPORT AND** |
| THE ATTORNEY GENERAL OF THE | ) | **RECOMMENDATION** |
| STATE OF PENNSYLVANIA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter denying Petitioner Dennis James Mayer's petition for a writ of habeas corpus and certificate of appealability.[1] After reviewing the Report and Recommendation, Petitioner's Objections, and the record, the Court ADOPTS the Report and Recommendation. The Court's reasoning follows.

In his habeas petition, Petitioner Mayer asserts that he is unlawfully detained for two reasons. Specifically, Mayer contends that he is an "innocent man being held in jail for a charge that [he] didn't do" and that he "paid off all of [his] fines and court costs and want[s] taken off of probation and money reimbursed to a charge that [he] did not do." (Doc. No. 3, at 6-9). In the Report and Recommendation, Magistrate Judge Baxter concluded that Mayer's habeas claims fail for both procedural and substantive reasons. First, as Magistrate Judge Baxter explains, the record shows that Mayer failed to exhaust his state court remedies and thus procedurally defaulted his habeas claims. (Doc. No. 14, at 4). Second, Magistrate Judge Baxter finds that Mayer's actual innocence claim lacks an independent constitutional violation and that Mayer's request for money damages is inappropriate in a habeas proceeding. (*Id.* at 5-6).

---

[1] The factual background is set forth in Magistrate Judge Baxter's Report and Recommendation.

Mayer filed Objections to the Report and Recommendation, stating the following: (1) His attorney did not take his case to trial nor obtain a hearing to lower his bond; (2) He placed his case in this district to "get payment for pain and suffering when [he is] found innocent;" and (3) he "wrote a letter to A.D.R. in Pittsburgh explaining [his] situation while [he] was in jail, and that office sent [him] the paperwork to fill out and file to the Clerk of Courts, in Pittsburgh, to get [his] case to where it is now." (Doc. No. 15, ¶¶ 1-3).

Even if the Court assumed that Mayer's Objections triggered *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C) (2012), the Court finds no reason to disturb Magistrate Judge Baxter's findings. Indeed, the record shows that Mayer's habeas claims fail for the procedural and substantive reasons mentioned above. The Court therefore agrees with Magistrate Judge Baxter's conclusions.

Accordingly, it is **HEREBY ORDERED** that:

1. The Court **ADOPTS** the Report and Recommendation;
2. Respondents' Motion to Dismiss is **GRANTED**;
3. The Petition for Writ of Habeas Corpus is **DENIED**;
4. A certificate of appealability is **DENIED**;
5. This case is **CLOSED**; and
6. The clerk shall send copies of this Order to the parties.

**IT IS SO ORDERED.**

Dated: December 9, 2016

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE